UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIEL WILSON, | CASE NO. 16-5455 RJB |
| Plaintiff, | ORDER ON SECOND MOTION TO DISMISS FIRST AMENDED COMPLAINT |
| v. | |
| PIERCE COUNTY, a municipal corporation organized under the laws of the State of Washington, PIERCE COUNTY JAIL, PIERCE COUNTY JAIL CORRECTIONAL OFFICERS JOHN DOE (1) and JANE DOE (1), Nurses STEVE CARVER RN, KRISTIN BERRES, RN, | |
| Defendants. | |

This matter comes before the Court on Defendants Pierce County and Pierce County Jail's Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 14) and Plaintiff's motion for leave to file an amended complaint (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

1   In this case, Plaintiff, a former prisoner, alleges that Defendants violated his federal

2   constitutional rights and were negligent when they housed him with violent rival gang members

3   who beat him and when they showed deliberate indifference to his a serious medical need

4   regarding a leg lesion.  Dkt. 10.

5   Defendants Pierce County and the Pierce County Jail now move for dismissal of the

6   claims against them under Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff has failed to state a

7   claim upon which relief can be granted.  Dkt. 14.  For the reasons stated below, the motion (Dkt.

8   14) should be granted, in part, and denied, in part.  In his Response, Plaintiff seeks leave to file

9   an amended complaint if the Court finds he has not sufficiently stated certain of his claims.  Dkt.

10   15.  Plaintiff's motion (Dkt. 15) should be granted.

11   ## I.   FACTS

12   Plaintiff bases his claims on two events:  an attack by rival gang members and the failure

13   to properly treat a leg lesion.  Dkt. 10.

14   ### A.  ATTACK BY RIVAL GANG MEMBERS

15   According to the First Amended Complaint, Plaintiff was booked into Pierce County Jail

16   on or around March 31, 2014.  Dkt. 10, at 5.  Plaintiff was a member of the Nortenos street gang

17   and Plaintiff alleges that Pierce County had knowledge of his gang affiliation.  *Id.*  Plaintiff

18   asserts that while he was being transported to the jail, a correctional officer made a comment

19   about "teaching [Plaintiff] a lesson." *Id.*

20   About a week later, on April 6, 2014, Plaintiff was in a cell in 3 North C Unit.  *Id.*  No

21   less than 45 minutes after he was placed in the cell, the cell doors opened and three individuals

22   entered.  *Id.*  One of these individuals was Naitaalii Jeovan Toleafoa, a documented member of

23   the Eastside Loco Surenos street gang.  *Id.* Plaintiff alleges that Pierce County, Pierce County

24

1   Jail, and John Doe and Jane Doe correctional officers were aware that the Eastside Loco Surenos

2   street gang was a rival of the Nortenos street gang. *Id.* These three individuals kicked, punched,

3   and beat Plaintiff. *Id.,* at 6. Plaintiff asserts that no correctional officer came to his aid. *Id.*

4   Plaintiff sustained multiple injuries, including a nasal bone fracture, facial contusions and

5   lacerations, and a right rib fracture. *Id.* Plaintiff was not discovered until after he failed to

6   appear for dinner. *Id.* He was found in his cell in a pool of blood, with blood on the walls. *Id.*

7          The unit was placed in lockdown. *Id.* Mr. Toleafoa was found wondering around outside

8   his cell. *Id.* When approached, Mr. Toleafoa stated, "I'm all packed up and ready to go!" *Id.*

9   Mr. Toleafoa was bloody. *Id.* Mr. Toleafoa was charged criminally. *Id.*

10          Despite knowing the substantial risk that rival gang members posed to Plaintiff, he

11   alleges that Defendants housed them in the same unit and allowed them to roam within the unit

12   unsupervised. *Id.* Plaintiff alleges that in response to a public records request for "any written

13   policy and procedure in regards to housing of inmates with known gang affiliation," a Pierce

14   County corrections deputy responded that "no records were located." *Id.,* at 7.

15          As a result of this incident, Plaintiff makes claims (1) against Defendants Pierce County,

16   the Pierce County Jail and corrections officers John and Jane Does for negligence, (2) against

17   Pierce County and the unnamed corrections officers for being "deliberately indifferent" to his

18   health and welfare in violation of his constitutional rights pursuant to 42 U.S.C. § 1983, and (3)

19   against Pierce County and Pierce County Jail for failing to have a policy regarding the housing of

20   rival gang members in the same unit and so demonstrating "deliberate indifference" to his health

21   and welfare contrary to the constitution. *Id.*

22          **B. TREATMENT OF LEG LESION**

23

24

1          According to the First Amended Complaint, in or around early June of 2014, while he

2    was still in the Pierce County Jail, Plaintiff developed a lesion on his right leg.  Dkt. 10, at 7.  On

3    June 19, 2014, Plaintiff made a healthcare request, which stated, "I have a zit like soar [sic] on

4    my right leg.  It started out itching but now its [sic] grown and its [sic] very red and its [sic]

5    painful, and it keeps growing."  *Id.*  The next day, he was seen by nurse Kristin Berres, who

6    diagnosed the lesion as an insect bite.  *Id.*

7          On June 22, 2014, Plaintiff made a second healthcare request, stating, [t]he so called bug

8    bite on my [right] leg has gotten worse and [now] is a throbbing pain.  I can't sleep cause [sic]

9    just the slightest touch send horrible pain, and it hurts to walk."  *Id.,* at 8.  The response states

10   only "Seen by SCarver DNP on 6/20/14."  Plaintiff alleges the response was unsigned and that

11   he received no treatment.  *Id.*

12         On June 23, 2014, Plaintiff sent a third healthcare request form, which provided, "I now

13   believe I have merca on my [right] leg.  It has more than tripled its size since I saw the doctor

14   and my lower leg is completely swollen.  This is the 3rd [request] I've put in.  Can someone

15   please help me!"  *Id.*  Plaintiff alleges that he received no response, so he showed the lesion to a

16   corrections officer.  *Id.*  That officer arranged for Plaintiff to be seen on June 24, 2014, when

17   Plaintiff was treated for the lesion.  *Id.*

18         In connection with his leg lesion, Plaintiff makes claims against Pierce County, Pierce

19   County Jail, Steve Carver RN, and Kristin Berres, RN for negligence and, pursuant to 28 U.S.C.

20   § 1983, for violation of his Eighth Amendment rights against cruel and unusual punishment, for

21   the failure to properly treat his leg lesion for a number of days.

22   **C.  MOTION TO DISMISS**

23

24

1    Defendants now move to dismiss the Amended Complaint, arguing that the Pierce

2    County Jail is not a legal entity that may be sued under Fed. R. Civ. P. 17 and so, all claims

3    against it should be dismissed.  Dkts. 14 and 16. Defendant Pierce County moves for dismissal of

4    the Eighth Amendment claim asserted against it based on the gang attack, arguing that Plaintiff

5    has not properly alleged facts to establish objective and subjective indifference.  *Id.*  The County

6    argues further, that even if it did not have a policy in place regarding the housing of rival gang

7    members, Plaintiff cannot show that lack of policy was the moving force behind the violation.

8    *Id.*  It moves for dismissal of the Eighth Amendment claim for deliberate indifference to a

9    serious medical need related to treatment for Plaintiff's leg lesion, arguing Plaintiff has failed to

10   plead a policy, practice or custom or that the County was deliberately indifferent to his

11   constitutional rights in relation to this claim.  *Id.*  Pierce County moves for dismissal of the

12   negligence claim which was premised on the gang attack, by arguing that Plaintiff has not

13   sufficiently plead that the County had knowledge of either parties' gang affiliation.  *Id.*  It

14   argues, accordingly, that Plaintiff has not shown proximate cause as to this negligence claim.  *Id.*

15   Pierce County moves for dismissal of Plaintiff's negligence claim related to the treatment of his

16   leg lesion, arguing that Plaintiff did not allege sufficient facts to show that they violated the

17   standard of care (he was mis-diagnosised, for example), or a harm, other than four extra days

18   pain. *Id.*

19   Plaintiff opposes the motion, arguing that his claim against Defendant Pierce County for

20   violation of his Eighth Amendment rights based on the gang attack should not be dismissed

21   because, construing the facts in his favor and giving him reasonable inferences, he has plead

22   facts which show the County's policy of not having a policy regarding the housing of rival gang

23   members and allowing them to "roam freely together" was deliberately indifferent to his

24

ORDER ON SECOND MOTION TO DISMISS
FIRST AMENDED COMPLAINT- 5

constitutional rights and the moving force behind the violation.  Dkt. 15.  He asserts that his

claim for violation of his Eighth Amendment rights regarding the medical care he received on his

leg lesion should not be dismissed because "the factual allegations are sufficient to show that a

right to relief is plausible against Steve Carver and Kristin Berres."  *Id.*, at 9.  Plaintiff argues

that his gang attack based negligence claim against the County is sufficiently pled because the

County had a duty to protect him, breached that duty when an employee of the County made a

comment about "teaching [Plaintiff] a lesson" and then housing him with known rival gang

members, and Plaintiff was injured as a result.  *Id.*  Plaintiff also opposes dismissal of his

negligence claim based on the failure to timely treat his leg lesion.  *Id.*

### D.  ORGANIZATION OF OPINION

This opinion will first address Defendants' motion to dismiss all claims against the Pierce

County Jail. It will then consider Defendants' motion to dismiss Plaintiff's Eighth Amendment

claims asserted against Defendant Pierce County and then the negligence claims asserted against

Defendant Pierce County.

## II.  <u>DISCUSSION</u>

### A.  STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable

legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri*

*v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken

as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d

1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

1   a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

2   (2007)(*internal citations omitted*).  "Factual allegations must be enough to raise a right to relief

3   above the speculative level, on the assumption that all the allegations in the complaint are true

4   (even if doubtful in fact)." *Id*. at 1965.  Plaintiffs must allege "enough facts to state a claim to

5   relief that is plausible on its face." *Id*. at 1974.

6          If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff

7   should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*,

8   717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim

9   should be dismissed. *Id*. "Dismissal without leave to amend is improper unless it is clear, upon

10  de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret*

11  *Service,* 572 F.3d 962, 972 (9th Cir. 2009).

12          **B.  CLAIMS AGAINST THE PIERCE COUNTY JAIL**

13          Defendants argue that the claims against the Pierce County Jail must be dismissed

14  because it is not a legal entity with the capacity to be sued. Dkt. 14.  Fed. R. Civ. P. 17(b)(2)

15  states that an entity's capacity to sue or be sued is determined "by the law of the state where the

16  court is located."

17          Defendants' motion to dismiss the claims asserted against the Pierce County Jail (Dkt.

18  14) should be granted.  Under RCW 36.01.010, "[t]he several counties in this state shall have

19  capacity as bodies corporate, to sue and be sued in the manner prescribed by law . . . ."  Pierce

20  County, then, is an entity with the capacity to be sued.  "In order to determine whether the

21  [Pierce] County Jail is a legal entity separate from [Pierce] County, it is necessary to examine the

22  enactment providing for the [Pierce] County Jail's establishment. *Shackelford v. Mason Cty. Jail*,

23  C13-5326 BHS, 2013 WL 5786094, at *3 (W.D. Wash. Oct. 28, 2013) (*citing Foothills Dev. v.*

24

1   *Commissioners*, 46 Wash.App. 369, 376, 730 P.2d 1369 (1986); *Roth v. Drainage Improvement*

2   *Dist. 5*, 64 Wash.2d 586, 588, 392 P.2d 1012 (1964)). Under RCW 70 .48.180, "[c]ounties may

3   acquire, build, operate, and maintain holding, detention, special detention, and correctional

4   facilities . . . at any place designated by the county legislative authority within the territorial

5   limits of the county." Under these statutes, the Pierce County Jail is a facility operated and

6   maintained by Pierce County.  "It is not granted separate legal status with authority to sue or be

7   sued in its own name." *Shackelford,* at 3; *See also Nolan v. Snohomish County*, 59 Wash.App.

8   876, 881–83, 802 P.2d 792 (1990) (a county council is not a legal entity separate and apart from

9   the county itself) and *Greene v. Alameda Cty. Jail*, 2008 WL 4225449, at \*2 (N.D. Cal. Sept. 15,

10  2008) (dismissing jail because a California "jail is not a suable entity").  The Pierce County Jail

11  should be dismissed from this case, and the caption amended to exclude it.

12  ### C.  SECTION 1983 CLAIMS AGAINST PIERCE COUNTY

13  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the

14  conduct complained of was committed by a person acting under color of state law, and that (2)

15  the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or

16  laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other*

17  *grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to

18  remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769

19  F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  To state a civil rights claim,

20  a plaintiff must set forth the specific factual bases upon which he claims each defendant is liable.

21  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

22  1. Claim for Violation of the 8th Amendment Based on the Attack

23

24

1      "The Eighth Amendment imposes a duty on prison officials to protect inmates from

2  violence at the hands of other inmates." *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015).  A

3  county or municipality is responsible for a constitutional violation, however, only when an action

4  taken pursuant to a county or municipal policy of some nature caused the violation.  *Monell v.*

5  *Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  In order to

6  successfully plead §1983 liability on the part of the County, Plaintiff must allege: (1) he was

7  deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a

8  deliberate indifference to his constitutional right; and (4) the policy was the moving force behind

9  the constitutional violation.  *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d

10  1101, 1110–11 (9th Cir. 2001)(*internal quotations omitted*).

11      Plaintiff alleges that he was deprived of his 8th Amendment right to be free from violence

12  at the hand of other inmates by Pierce County.  Defendants argue that this claim should be

13  dismissed because Plaintiff cannot point to a policy that amounted to a deliberate indifference to

14  Plaintiff's constitutional rights or that such a policy caused the constitutional violation.  Dkt. 14.

15                    *a.  Policy?*

16      Official policy includes the decisions of the lawmakers, "the acts of its policymaking

17  officials, and practices so persistent and widespread as to practically have the force of law."

18  *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011)(*internal quotations and citations omitted*).

19  The official policy in question then, may be either "formal or informal."  *City of Saint Louis v.*

20  *Praprotnik*, 485 U.S. 112, 131 (1988).

21      A formal policy is "a deliberate choice to follow a course of action is made from among

22  various alternatives by the official or officials responsible for establishing final policy with

23

24

1  respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483

2  (1986) (*plurality opinion*).

3        An informal policy exists when a plaintiff "can prove the existence of a widespread

4  practice that, although not authorized by an ordinance or an express municipal policy, is so

5  permanent and well settled as to constitute a custom or usage with the force of law."

6  *Praprotnick*, at 127.  A plaintiff must show a pattern of similar incidents in order for the

7  factfinder to conclude that the alleged informal policy was "so permanent and well settled" as to

8  carry the force of law.  *Id.*  Usually, an informal policy cannot be established by a single

9  constitutional deprivation. *Christie v. Iopa,* 176 F.3d 1231, 1235 (9th Cir. 1999). There are,

10  however, situations in which isolated constitutional violations are sufficient to establish a

11  municipal policy.  *Id.*  A county "can be liable for an isolated constitutional violation when the

12  person causing the violation has final policymaking authority."  *Id.*  A county also "can be liable

13  for an isolated constitutional violation if the final policymaker ratified a subordinate's actions."

14  *Id.*, at 1238.

15        Plaintiff has alleged that Pierce County does not have "any written policy and procedure

16  in regards to housing of inmates with known gang affiliation."  A decision not to act may

17  constitute a "policy" for purposes of § 1983 liability.  *See, e.g., Oviatt v. Pearce*, 954 F.2d 1470,

18  1477 (9th Cir.1992) ("[T]he decision not to take any action to alleviate the problem of detecting

19  missed arraignments constitutes a policy for purposes of § 1983 municipal liability").

20  Construing Plaintiff's allegations in his favor, he has assert sufficient facts to conclude that the

21  County's decision not to have a policy is a sufficient "policy" for purposes of § 1983 liability.

22                  b.  *County's Deliberate Indifference to Harm Plaintiff Suffered as a Result of Policy*?

23

24

1    Defendants argue that Plaintiff cannot satisfy either the subjective or objective

2   requirements to show that the County was deliberately indifferent to Plaintiff's constitutional

3   rights.  Dkt. 14.

4    To the extent that Defendants' argue Plaintiff's claim should be dismissed because he

5   cannot show that Pierce County was subjectively deliberately indifferent, the motion should be

6   denied.  After Defendants filed their briefs, the Ninth Circuit, sitting en banc, decided *Castro v.*

7   *County of Los Angeles,* __ F.3d __ 2016 WL 4268955 (9th Cir. August 15, 2016).  In *Castro,* a

8   pre-trial detainee injured by another inmate in a "sobering cell" sued the county and individual

9   jailers for violation of his Eighth Amendment rights for failing to protect him from another

10  inmate.  The *Castro* court noted that, "[t]he Supreme Court has strongly suggested that the

11  deliberate indifference standard for municipalities is always an objective inquiry." *Castro v.*

12  *County of Los Angeles,* __ F.3d __ 2016 WL 4268955 (9th Cir. August 15, 2016).  The Ninth

13  Circuit further noted that the Supreme Court "understood that this objective standard necessarily

14  applied to municipalities for the practical reason that government entities, unlike individuals, do

15  not themselves have states of mind." *Id.*  The Ninth Circuit clarified that that an objective

16  standard applies to municipal liability, and to the extent that other cases suggest otherwise, they

17  are now overruled. *Id.*  Accordingly, Plaintiff here only need allege that Pierce County was

18  objectively deliberately indifferent to his constitutional rights. *Id.*

19   Where a §1983 plaintiff demonstrates "that the facts available to [policymakers] put them

20  on actual or constructive notice that the particular omission is substantially certain to result in the

21  violation of the constitutional rights of their citizens, the dictates of *Monell* are satisfied." *Id.*

22    Plaintiff alleges sufficient facts to conclude that Pierce County knew of his gang

23  affiliation and knew that other inmates of a rival gang were being housed with him.  He has

24

alleged sufficient facts that Pierce County allowed rival gang members to room freely in the unit and has asserted that they were unsupervised.  Construing the facts in Plaintiff's favor, it is not an unreasonable inference that the County was on actual or constructive notice that allowing the comingling of these two gangs (or at least not having a policy to address it) was "substantially certain" to result in the violation of Plaintiff's constitutional rights.  Consequently, the failure to have a policy was arguably the "moving force" behind the violation.  Defendants' motion to dismiss this claim should be denied.

2. Eighth's Amendment Claim Based on Treatment of Leg Lesion

Again, in order to successfully plead §1983 liability on the part of the County regarding the provision of medical care, Plaintiff must allege: (1) he was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a deliberate indifference to his constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Mabe,* at 1110–11.

The government has an "obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment," and can give rise to a claim under § 1983. *Id.* (*internal quotations omitted*).  "In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show deliberate indifference to his serious medical needs." *Id.*

Defendants' motion to dismiss Plaintiff's Eighth Amendment claim against the County based on his leg lesion (Dkt. 14) should be granted.  Plaintiff fails to allege that the County had any policy or practice regarding the treatment of his leg lesion.  All his allegations relate to the

1  individual medical providers, and not the County or a County policy.  Even in his Response he

2  asserts that his claim for violation of his Eighth Amendment rights regarding the medical care he

3  received on his leg lesion should not be dismissed because "the factual allegations are sufficient

4  to show that a right to relief is plausible against Steve Carver and Kristin Berres."  Dkt. 15, at 9.

5  The failure to identify a County policy is fatal to his claim. *See Mabe* at 1110–11 (the policy

6  must be the "moving force" behind the violation for municipal liability).  In other words, a

7  theory of *respondeat superior* is not sufficient to state a section 1983 claim.  *Padway v. Palches*,

8  665 F.2d 965, 968 (9th Cir. 1982).

9          Plaintiff seeks leave to amend his Complaint.  Dkt. 15.  It is not clear that this claim

10  could not be saved by amendment, so "[d]ismissal without leave to amend is improper." *Moss*,

11  at 972.  Accordingly, Plaintiff should be granted leave to file a Second Amended Complaint, if

12  he chooses, regarding this claim against Pierce County on or before September 9, 2016.

13          **D.  STATE LAW CLAIMS FOR NEGLIGENCE AGAINST COUNTY**

14          In Washington, "[a]n actionable claim for negligence includes four essential elements:

15  (1) a duty owed to the complaining party; (2) a breach of that duty; (3) resulting injury; and (4)

16  proximate cause between the breach and the resulting injury."  *Stenger v. State,* 104 Wn.App.

17  393, 399 (2001)(*citing Pedroza v. Bryant,* 101 Wn.2d 226, 228 (1984)).

18                  1.  Negligence Claim Regarding Gang Attack

19          Plaintiff has alleged sufficient facts to state a claim for negligence against the County

20  regarding the gang attack.  He asserted that the County had a duty to protect him.  He alleges that

21  it breached that duty when it housed him with rival gang members who were allowed to roam

22  "unsupervised," particularly after one of its employees made a comment about "teaching

23  [Plaintiff] a lesson" a few days before the attack.  Plaintiff has alleged sufficient facts that he was

24

1  beaten as a result of the County's failure to have a policy to address the housing of rival gang

2  members.  Defendants' motion to dismiss the negligence claim against the County should be

3  denied.

4         2.  <u>Negligence Claim Regarding Leg Lesion Treatment</u>

5        Plaintiff has alleged sufficient facts to state a claim against the County for negligence

6  regarding the treatment of his leg lesion.  The County does not dispute that it had a duty to

7  provide Plaintiff medical treatment or that it is liable under a theory of *respondeat superior* for

8  their actions.  *See also Shea v. City of Spokane*, 17 Wn. App. 236, 242 (1977), aff'd, 90 Wn.2d

9  43, 578 P.2d 42 (1978)(finding the city's liability "includes the negligence of the jail physician

10  because the duty to keep the prisoner in health is nondelegable").  Plaintiff has alleged sufficient

11  facts that Pierce County breached its duty to provide him medical treatment.  He informed Pierce

12  County that he needed treatment on June 19 and was seen by a medical professional on June 20.

13  On June 22 and June 23, he informed the County that he needed to be seen again.  He alleges that

14  he also told a guard that he needed to be examined on June 23, and that the guard helped him get

15  an appointment on June 24.  He has asserted that the County failed to provide him treatment for a

16  few days, and so maintains that it breached its duty to him for those few days.  He has also stated

17  adequate facts to support the conclusion that he was harmed by Pierce County's failure to treat

18  him because he had extra days of pain.

19  **E.  CONCLUSION**

20        Defendants' motion to dismiss Plaintiff's claims against the Pierce County Jail should be

21  granted.  Pierce County Jail should be dismissed as a defendant, and the caption amended to

22  exclude it.

23

24

1    Defendants' motion to dismiss Plaintiff's claim against Pierce County for violation of his

2    Eighth Amendment rights based on the gang attack should be denied.  Defendants' motion to

3    dismiss the Eighth Amendment claim against Pierce County, based on the treatment of his leg

4    lesion, should be granted.  To the extent Plaintiff seeks leave to amend his complaint to attempt

5    to properly plead this claim, his motion should be granted.  If he chooses to pursue this claim,

6    Plaintiff should file his second amended complaint on or before September 9, 2016.

7    Defendants' motion to dismiss Plaintiff's negligence claims against Pierce County should

8    be denied.

### III.    ORDER

10    Therefore, it is hereby **ORDERED** that:

11    (1) Defendants Pierce County and Pierce County Jail's Second Motion to Dismiss

12    Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 14) is:

13    o  **GRANTED** as to Plaintiff's claims against the Pierce County Jail; Pierce

14    County Jail is **DISMISSED** as a defendant and the caption is amended to

15    exclude it;

16    o  **DENIED** as to Plaintiff's claim against Pierce County for violation of his

17    Eighth Amendment rights based on the gang attack;

18    o  **GRANTED** as to Plaintiff's Eighth Amendment claim against Pierce

19    County based on the treatment of his leg lesion; and

20    o  **DENIED** as to Plaintiff's negligence claims against Pierce County.

21    (2) To the extent Plaintiff seeks leave to amend his complaint to attempt to properly

22    plead his Eighth Amendment claim against Pierce County for treatment of his leg

23    lesion, his motion (Dkt. 15) is **GRANTED**.  If he chooses to pursue this claim,

24

1    Plaintiff should file his second amended complaint on or before **September 9,**

2    **2016**.

3    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

4    to any party appearing *pro se* at said party's last known address.

5    Dated this 17th day of August, 2016.

6

7

8    ROBERT J. BRYAN
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24