UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIEL WILSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PIERCE COUNTY, a municipal corporation organized under the laws of the State of Washington, PIERCE COUNTY JAIL CORRECTIONAL OFFICERS JOHN DOE (1) and JANE DOE (1), Nurses STEVE CARVER RN, KRISTIN BERRES, RN,<br><br>　　　　　　Defendants,<br><br>and<br><br>PIERCE COUNTY, a municipal corporation organized under the laws of the State of Washington<br><br>　　　　　　Plaintiff,<br><br>　v. | CASE NO. 16-5455 RJB<br><br>ORDER ON THIRD PARTY DEFENDANT NAITALLII JEOVAN TOLEAFOA'S MOTION FOR APPOINTMENT OF COUNSEL |

|   |   |
|---|---|
| 1 | NAITAALII JEOVAN TOLEAFOA, and |
| 2 | CORRECT CARE SOLUTIONS, LLC, |
| 3 | Third Party Defendants. |

This matter comes before the Court on Third Party Defendant Naitaalii Jeovan Toleafoa's motion for appointment of counsel. Dkt. 29. The Court has considered the pleadings filed in regarding the motion and the file herein.

In this case, Plaintiff, a former prisoner, alleges, in part, that Defendants Pierce County, and unnamed Pierce County Jail correctional officers violated his federal constitutional rights and were negligent when they housed him with violent rival gang members who beat him. Dkt. 10. Defendant Pierce County filed a Third Party Complaint and makes claims against the moving party here, Naitaalii Jeovan Toleafoa, who is alleged to be one of the rival gang members who beat Plaintiff. Dkt. 18.

Third Party Defendant Toleafoa, acting pro se, now moves for appointment of counsel to defend him in this case. Dkt. 29. For the reasons stated below, the motion (Dkt. 29) should be denied.

## I. **FACTS**

The August 17, 2016 Order on Second Motion to Dismiss contains the facts of this case (Dkt. 17, at 1-6) and they are adopted here. The relevant facts are repeated here for ease of reference.

> According to the First Amended Complaint, Plaintiff was booked into Pierce County Jail on or around March 31, 2014. Dkt. 10, at 5. Plaintiff was a member of the Nortenos street gang and Plaintiff alleges that Pierce County had knowledge of his gang affiliation. *Id.* Plaintiff asserts that while he was being transported to the jail, a correctional officer made a comment about "teaching [Plaintiff] a lesson." *Id.*

About a week later, on April 6, 2014, Plaintiff was in a cell in 3 North C Unit. *Id.* No less than 45 minutes after he was placed in the cell, the cell doors opened and three individuals entered. *Id.* One of these individuals is alleged to be Naitaalii Jeovan Toleafoa, a documented member of the Eastside Loco Surenos street gang. *Id.* Plaintiff alleges that Pierce County, Pierce County Jail, and John Doe and Jane Doe correctional officers were aware that the Eastside Loco Surenos street gang was a rival of the Nortenos street gang. *Id.* These three individuals kicked, punched, and beat Plaintiff. *Id.,* at 6. Plaintiff asserts that no correctional officer came to his aid. *Id.* Plaintiff sustained multiple injuries, including a nasal bone fracture, facial contusions and lacerations, and a right rib fracture. *Id.* Plaintiff was not discovered until after he failed to appear for dinner. *Id.* He was found in his cell in a pool of blood, with blood on the walls. *Id.*

The unit was placed in lockdown. *Id.* Mr. Toleafoa is alleged to have been found wondering around outside his cell. *Id.* When approached, Mr. Toleafoa stated, "I'm all packed up and ready to go!" *Id.* Mr. Toleafoa was bloody. *Id.* Mr. Toleafoa was charged criminally. *Id.*

Despite knowing the substantial risk that rival gang members posed to Plaintiff, he alleges that Defendants housed them in the same unit and allowed them to roam within the unit unsupervised. *Id.* Plaintiff alleges that in response to a public records request for "any written policy and procedure in regards to housing of inmates with known gang affiliation," a Pierce County corrections deputy responded that "no records were located." *Id.,* at 7.

As a result of this incident, Plaintiff makes claims (1) against Defendants Pierce County, the Pierce County Jail and corrections officers John and Jane Does for negligence, (2) against Pierce County and the unnamed corrections officers for being "deliberately indifferent" to his health and welfare in violation of his constitutional rights pursuant to 42 U.S.C. § 1983, and (3) against Pierce County and Pierce County Jail for failing to have a policy regarding the housing of rival gang members in the same unit and so demonstrating "deliberate indifference" to his health and welfare contrary to the constitution. *Id*.

On August 26, 2016, the Pierce County Defendants filed an Answer to the First Amended Complaint, and, in part, asserted claims against Third Party Defendant Toleafoa. Dkt. 18. Third Party Defendant Toleafoa filed the instant pleading (Dkt. 29), in which he asks for appointment of counsel, discusses aspects of the case, and states he is in "disagreement with the Complaint." He then states, "[a]s far as I can answer the summons on a third party complaint this is about it

until I can get a lawyer." *Id.* In light of the statements made, this pleading has been docketed as a motion (Dkt. 29) and as an answer to the Pierce County Defendants' Answer to the First Amended Complaint and Third Party Complaint (Dkt. 28).

On September 9, 2016, Plaintiff filed a Second Amended Complaint. Dkt. 26. On September 27, 2016, the Pierce County Defendants filed an "Answer to Plaintiff's Second Amended Complaint for Damages and Third Party Complaint," again asserting that Third Party Defendant Toleafoa and John Does are "liable to Plaintiff for their intentional acts pursuant to RCW 4.22 et seq. and *Tegman v. Accident and Medical Investigations*, 150 Wn.2d 102 (2003)." Dkt. 31, at 6.

On October 5, 2016, the undersigned noted that Third Party Defendant Toleafoa's motion for appointment of counsel was deficient because he had not shown that he was financially eligible for court appointed counsel. Dkt. 32. He was ordered to provide the Court with:

(1) A certified copy of prison trust account statement showing transactions for the past six months;

(2) For the past twelve months, list the amount of money received from any source;

(3) List the amount in savings or checking accounts (include prison account funds); and

(4) List any other property and its value.

*Id.* Toleafoa's motion for appointment of counsel (Dkt. 29) was renoted for October 21, 2016. *Id.* He has failed to respond.

## II. DISCUSSION

"Federal criminal defendants facing imprisonment are entitled to representation of counsel, and the power of courts to appoint counsel for such defendants is thus necessary to preserve their constitutional rights." *U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Washington*, 795 F.2d 796, 801 (9th Cir. 1986) (*internal citations omitted*). "There is

normally, however, no constitutional right to counsel in a civil case." *Id.* Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." The decision to appoint such counsel is within the sound discretion of the trial court but is granted only in exceptional circumstances. *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir.1984).

Third Party Defendant Toleafoa's motion for appointment of counsel (Dkt. 29) is denied. This is a civil matter, and there is no basis to conclude that Toleafoa's liberty is at stake as a result of this litigation. There is no showing of exceptional circumstances here. It is unclear who will prevail in this case. Toleafoa is able to articulate his positions to the court sufficiently considering the claims made against him. Moreover, he has not followed the court's order and provided documentation showing that he cannot afford an attorney. He is free to contact the Northwest Justice Project (401 Second Avenue S, Suite 407, Seattle, WA 98104) or the Washington State Bar (1325 Fourth Ave., Suite 600, Seattle, WA 98101-2539) in an effort to get an attorney to assist him. In any event, his motion for court appointed counsel (Dkt. 29) should be denied.

Third Party Defendant Toleafoa mentions in his pleading that in exchange for his plea of guilt to a first degree murder charge, the state agreed not to charge him criminally for the alleged assault on Mr. Wilson (the Plaintiff here). Dkt. 29. While it is unclear what impact, if any, this case would have on his plea agreement, Toleafoa may wish that defense counsel from that criminal matter be informed of this case and Pierce County's allegations against him. If Toleafoa so wishes, on or before November 25, 2016, he should supply the Court with the criminal case name and number and the name and address of his prior criminal defense lawyer so that a copy of his motion and this order can be forwarded to counsel.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

(1) Third Party Defendant Naitaalii Jeovan Toleafoa's motion for appointment of counsel (Dkt. 29) **IS DENIED**; and

(2) On or before **November 25, 2016**, if Toleafoa so wishes, he should supply the Court with the criminal case name and number and the name and address of his prior criminal defense lawyer so that a copy of his motion and this order can be forwarded to counsel.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of October, 2016.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge