UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIEL WILSON,<br><br>              Plaintiff,<br><br>   v.<br><br>PIERCE COUNTY, a municipal corporation organized under the laws of the State of Washington, PIERCE COUNTY JAIL, PIERCE COUNTY JAIL CORRECTIONAL OFFICERS JOHN DOE (1) and JANE DOE (1), Nurses STEVE CARVER RN, KRISTIN BERRES, RN,<br><br>              Defendants. | CASE NO. 16-5455 RJB<br><br>ORDER GRANTING DEFENDANTS CARVER AND BERRES' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants Steve Carver and Kristin Berres' Motion for Summary Judgment Dismissal of All Claims. Dkt. 46. The Court has considered the pleadings filed regarding the motion and the file herein.

In this case, Plaintiff, a former prisoner, alleges that Defendants Carver and Berres, nurses at the Pierce County, Washington jail, violated his federal constitutional rights when they

ORDER GRANTING DEFENDANTS CARVER
AND BERRES' MOTION FOR SUMMARY
JUDGMENT- 1

1  showed deliberate indifference to his serious medical need regarding a leg lesion and were

2  negligent. Dkt. 26. Defendants Carver and Berres now move for summary dismissal of the

3  claims against them. Dkt. 46. Plaintiff did not respond. For the reasons stated below, the

4  motion (Dkt. 46) should be granted, and the claims dismissed.

## I. **FACTS**

On June 19, 2014, Plaintiff made a healthcare request, which stated, "I have a zit like soar [sic] on my right leg. It started out itching but now its [sic] grown and its [sic] very red and its [sic] painful, and it keeps growing." Dkt. 47, at 8. The next day, he was seen by Defendant Berres, who diagnosed Plaintiff with a lesion, thought to be an insect bite, and prescribed oral antibiotics. *Id.*, at 15.

On June 22, 2014, Plaintiff made a second healthcare request, stating, "[t]he so called bug bite on my [right] leg has gotten worse and [now] is a throbbing pain. I can't sleep cause [sic] just the slightest touch send horrible pain, and it hurts to walk." Dkt. 47, at 9. The response states only "Seen by SCarver DNP on 6/20/14." *Id.*

On June 23, 2014, Plaintiff sent a third healthcare request form, which provided, "I now believe I have merca on my [right] leg. It has more than tripled its size since I saw the doctor and my lower leg is completely swollen. This is the 3rd [request] I've put in. Can someone please help me!" Dkt. 47, at 10.

On June 24, 2014, Plaintiff was seen by Defendant Carver, who noted that the lesion had grown. Dkt. 47, at 15. Defendant Carver incised and drained the lesion, gave Plaintiff an injection of antibiotic, and placed him on additional antibiotics. *Id.* The fluid drained from the lesion was sent for culture, Dkt. 47, at 18, and his antibiotics were changed as a result. *Id.*

Plaintiff was seen again on July 10, 2014, and the lesion was noted to be healing slowly. *Id.,* at 16. He was given an additional antibiotic. *Id.* On August 5, 2014, Plaintiff was again seen and reported that he lesion was "just about healed." *Id.* He sought no further treatment.

In connection with the treatment of his leg lesion, Plaintiff makes claims against Steve Carver RN and Kristin Berres, RN, for violation of his Eighth Amendment rights against cruel and unusual punishment, pursuant to 28 U.S.C. § 1983, and negligence. Dkt. 26. Plaintiff also asserts a claim for negligence against Pierce County, Washington regarding the leg lesion treatment, but that claim is not the subject of this motion.

## II.    DISCUSSION

### A. STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty*

*Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**B. EIGHTH AMENDMENT CLAIM PURSUANT TO SECTION 1983**

In order to assert a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). To make a civil rights claim, a plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The government has an "obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment," and can give rise to a claim under § 1983. *Id.* (*internal quotations omitted*). "In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show deliberate indifference to his serious medical needs." *Id.* "This includes both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014)(*internal citation omitted*).

Defendant Carver and Berres' motion to summarily dismiss Plaintiff's Eighth Amendment claim against them based on the treatment of his leg lesion (Dkt. 46) should be granted. Plaintiff fails demonstrate that they acted with "deliberate indifference;" that is that they knew of and disregarded "an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). "This second prong — that defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett,* at 1096. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (*internal quotation omitted*). "[A]n inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983," however. *Id.*

Plaintiff has failed to show that Carver or Berres were deliberately indifferent to a serious medical need regarding his leg lesion. He points to no evidence that either of them knew of and

"disregarded 'an excessive risk to [his] health and safety.'" *Toguchi,* at 1057. He does not point to an act or failure to respond to his pain or medical need as to any of these Defendants. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to support a claim under § 1983. *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982). The record indicates that he was being monitored and treated for his condition. "To show deliberate indifference, the plaintiff 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." *Colwell,* at 1068 (*internal quotations and citations omitted*). Plaintiff has made no such showing. His federal constitutional claim against them should be dismissed.

**C. STATE LAW CLAIMS FOR NEGLIGENCE**

In Washington, "[a]n actionable claim for negligence includes four essential elements: (1) a duty owed to the complaining party; (2) a breach of that duty; (3) resulting injury; and (4) proximate cause between the breach and the resulting injury." *Stenger v. State,* 104 Wn.App. 393, 399 (2001)(*citing Pedroza v. Bryant,* 101 Wn.2d 226, 228 (1984)).

Plaintiff's claim for negligence, asserted against Defendants Carver and Berres should be dismissed. Plaintiff fails to demonstrate that Defendants Carver or Berres breached their duty of care, that is they failed to "exercise that degree of care, skill and learning expected of a reasonably prudent healthcare provider" RCW 7.70.040 (1). Further, he has failed to demonstrate that he was injured as a result of their actions. Defendants Carver and Berres' Motion for Summary Judgment (Dkt. 46) on this claim should be granted.

**D. NEW MOTION IN REPLY**

In their reply, Defendants Carver and Berres also move for dismissal of Defendant Pierce County's claim asserted against them. Dkt. 58. To the extent Defendants intend this to be a motion, it should be denied without prejudice for failure to comply with the Federal and Local Rules of Civil Procedure.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants Steve Carver, ARNP, and Kristin Berres, RN's Motion for Summary Judgement Dismissal of All Claims (Dkt. 46) **IS GRANTED**; and

- All claims asserted against Defendants Steve Carver and Kristin Berres **ARE DISMISSED;** and

- To the extent that Defendants Carver and Berres move for dismissal of Defendant Pierce County's claim asserted against them, the motion (Dkt. 58) **IS DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 5th day of September, 2017.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge