UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIEL WILSON,<br><br>              Plaintiff,<br><br>  v.<br><br>PIERCE COUNTY, a municipal corporation organized under the laws of the State of Washington, PIERCE COUNTY JAIL, PIERCE COUNTY JAIL CORRECTIONAL OFFICERS JOHN DOE (1) and JANE DOE (1), Nurses STEVE CARVER RN, KRISTIN BERRES, RN,<br><br>              Defendants.<br><br>PIERCE COUNTY,<br><br>              Third-Party Plaintiff,<br><br>  v.<br><br>NAITAALII JEOVAN TOLEAFOA, JOHN DOES 1-3, and CORRECT CARE SOLUTIONS, LLC,<br><br>              Third-Party Defendants. | CASE NO. 16-5455 RJB<br><br>ORDER ON THE PARTIES' STATUS REPORTS |

This matter comes before the Court on the status reports of Plaintiff (Dkt. 64), Defendant Correct Care Solutions, LLC (Dkt. 65), and Defendant Pierce County, Washington (Dkt. 66) and the Third-Party Defendant Correct Care Solutions, LLC's Motion to Dismiss Pierce County's Third Party Complaint (Dkt. 67). The Court has considered the reports, the motion, and the remaining file herein.

Plaintiff, a former prisoner, asserted claims against the Defendants for two distinct events: the medical treatment of a leg lesion and a physical attack by a rival gang. Dkt. 26. Plaintiff made claims for violation of his eighth amendment rights and for negligence against Defendants Steve Carver and Kristin Berres for medical treatment of a leg lesion. *Id.* Plaintiff asserted a negligence claim against Defendant Pierce County in connection with the medical treatment of his leg lesion. *Id.* Plaintiff alleged claims against Defendant Pierce County for violation of his federal constitutional rights and for negligence when it housed him in the jail with violent rival gang members who beat him. *Id.* The Second Amended Complaint also asserted claims against "Defendants Pierce County correctional officers John Doe (1) and Jane Doe (1)" for violation of Plaintiff's eighth amendment rights and for negligence in connection with the gang attack. *Id.*

To the extent it is found liable for the Plaintiff's claims against it related to the attack, Defendant Pierce County asserts cross claims against Naitaalii Jeovan Toleafoa. Dkt. 31. To the extent it is found liable for the treatment of Plaintiff's leg lesion, Defendant Pierce County also makes cross claims against Correct Care Solutions LLC. *Id.*

## I.     <u>FACTS AND PROCEDURAL HISTORY</u>

The facts and procedural history are in the Court's September 5, 2017 Order on Defendants Steve Carver and Kristin Berres's Motion for Summary Judgment (Dkt. 62, at 1-3)

and the September 5, 2017 Order on Defendant Pierce County, Washington's Motion for Summary Judgment (Dkt. 63, at 1-8).

Defendants Carver and Berres' motion to summarily dismiss Plaintiff's claims against them for violation of his eighth amendment rights and for negligence regarding the treatment of his leg lesion was granted, and the claims were dismissed. Dkt. 62.

Defendant Pierce County's motion for summary dismissal of all the federal constitutional claims asserted against it was granted on September 5, 2017, and the constitutional claims were dismissed. Dkt. 63. The County also moved for summary dismissal of all Plaintiff's state law claims, including Plaintiff's negligence claims. Dkt. 48. Plaintiff did not respond to the motion to dismiss the state law and/or negligence claims. Dkt. 53. In granting the motion to summarily dismiss the negligence claims against the County, the Order provided:

> In Washington, "[a]n actionable claim for negligence includes four essential elements: (1) a duty owed to the complaining party; (2) a breach of that duty; (3) resulting injury; and (4) proximate cause between the breach and the resulting injury." *Stenger v. State,* 104 Wn.App. 393, 399 (2001)(*citing Pedroza v. Bryant,* 101 Wn.2d 226, 228 (1984)).
>
> 1. <u>Negligence Claim Regarding Gang Attack</u>
> Plaintiff does not oppose the County's motion to summarily dismiss this claim. Moreover, Plaintiff has failed to point to sufficient facts to support his state claim for negligence against the County regarding the gang attack. Plaintiff has failed to point to evidence that the County breached its duty to protect him when it housed him with rival gang members. He has failed to point to evidence that inmates were allowed to roam "unsupervised." He failed to demonstrate that he was beaten as a result of the County's failure to have a policy to address the housing of rival gang members or as a result of the staffing decisions/monitoring practices of the jail. Defendant Pierce County's motion to summarily dismiss the negligence claim based on the attack should be granted.
>
> 2. <u>Negligence Claim Regarding Leg Lesion</u>
> Plaintiff's claim for negligence, based on the treatment of his leg lesion, asserted against Defendant Pierce County, should be dismissed. Plaintiff did not oppose summary dismissal of this claim. In any event, he fails to point to any evidence that Defendant Pierce County breached its duty of care to him. Further,

      he has failed to point to any evidence that he was injured as a result of the County's actions.

Dkt. 63, at 15-16. That order further noted that it was not clear which claims, if any, remain for trial, which is set to begin on November 6, 2017. *Id.*, at 16. It provided that "[b]y this order, all claims asserted against Pierce County, Washington are dismissed." *Id.* Parties were ordered to file a status report, on or before September 22, 2017, informing the Court which claims, if any, remain for trial. *Id.*

    The parties have now done so (Dkts. 64-66) and Third-Party Defendant Correct Care Solutions, LLC has filed a Motion to Dismiss Pierce County's Third Party Complaint (Dkt. 67). Defendants assert that nothing remains for trial. Dkts. 65 and 66. Plaintiff maintains that his claim for negligence against the "John and Jane Doe" officers and his claim against Pierce County for "respondeat superior" remain for trial. Dkt. 64.

    This opinion will again address the various issues raised in these reports (and by motion) as they relate to the two events.

## II. DISCUSSION

### A. CLAIMS RELATED TO MEDICAL CARE FOR LEG LESION

**Pierce County, Washington's Claims Asserted Against Third Party Defendant Correct Care Solutions, LLC**. Correct Care Solutions reports that there are no remaining claims asserted against it. Pierce County agrees that there are no triable claims remaining against Correct Care Solutions, LLC. Dkt. 66. Although it is not yet ripe, Third-Party Defendant Correct Care Solutions, LLC's Motion to Dismiss Pierce County's Third Party Complaint (Dkt. 67) is unopposed and so, should be granted. Pierce County's claims against Third-Party Defendant Correct Care Solutions should be dismissed.

## B. CLAIMS RELATED TO GANG ATTACK

**Plaintiff's Respondeat Superior Claims Against Pierce County.** Plaintiff maintains in his report that "Pierce County is liable for the actions or inactions of the Pierce County Corrections staff under respondeat superior." Dkt. 64. In Washington. "[u]nder respondeat superior, an employer is vicariously liable to third parties for torts committed by the servant within the scope of employment." *Wilcox v. Basehore*, 187 Wn.2d 772, 783 (2017)(*internal citation omitted*).

In its' report, Pierce County asserts that no claims against it remain, even for respondeat superior. Dkt. 66. It points out that the September 5, 2017 order that granted its' motion for summary judgment on **all** claims specifically provided that "[a]ll claims asserted against Defendant Pierce County are dismissed." *Id.* (*quoting* Dkt. 63). It notes that Plaintiff did not oppose the motion to dismiss the state law claims. *Id.* It further asserts that the Second Amended Complaint does not make a claim against Pierce County for any claim under the theory of respondeat superior.

All claims against Pierce County have been dismissed with prejudice. Dkt. 63. The Court's order for the parties to file status reports was not an invitation to Plaintiff to add a claim against a party that has been dismissed. No claims remain against Pierce County for trial.

**Plaintiff's Negligence Claims Against "Correctional Officers John Doe (1) and Jane Doe (2)."** In his report, the Plaintiff states that he believes that the negligence claim against John and Jane Doe officers remain for trial. Dkt. 64.

In its report, Defendant Pierce County argues that the negligence claim against the John and Jane Doe officers do not remain for trial because: (1) the deadline for adding new parties lapsed on December 30, 2016 (Dkt. 39), and Plaintiff still has not identified those parties despite

being on the eve of trial, (2) this Court does not have personal jurisdiction over the John or Jane Doe officers because they have never been served with a copy of a summons or complaint; (3) any attempt to join the John or Jane Doe officers would be futile because the three year statute of limitations on the April 2014 gang attack has long since expired. Dkt. 66.

This Court does not have personal jurisdiction over "John Doe or Jane Doe" defendants because they have not been served with either a summons or complaint, and so the Court does not have jurisdiction to try a case against them. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Moreover, the deadline to name additional parties lapsed over nine months ago. The discovery deadline and the dispositive motions deadlines have expired. Plaintiff makes no effort to identify these defendants. Plaintiff's claims against the "John Doe or Jane Doe" defendants should be dismissed without prejudice.

**Pierce County, Washington's Claims Asserted Against Third Party Defendant Naitaalii Jeovan Toleafoa.** Pierce County asserts that none of Plaintiff's claims remain for trial, and, so none of its claim for indemnity remain. Dkt. 66. Accordingly, Pierce County, Washington's claims asserted against Third-Party Defendant Naitaalii Jeovan Toleafoa should be dismissed.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Third-Party Defendant Correct Care Solutions, LLC's Motion to Dismiss Pierce County's Third Party Complaint (Dkt. 67) **IS GRANTED**;

- All claims asserted against Third-Party Defendant Correct Care Solutions, LLC **ARE DISMISSED**;
- All Plaintiff's claims asserted against Pierce County **ARE DISMISSED**, including Plaintiff's attempts to assert a respondeat superior claim against Pierce County;
- Plaintiff's negligence claims against "John Doe and Jane Doe Corrections Officers" **ARE DISMISSED WITHOUT PREJUDICE**;
- Pierce County, Washington's claims asserted against Third-Party Defendant Naitaalii Jeovan Toleafoa **ARE DISMISSED**; and
- This case **IS CLOSED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of September, 2017.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge